**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAVIER ALVAREZ MONROY,              :
                                    :   Civil Action No. 13-0144 (SRC)
                 Petitioner,        :
                                    :
        v.                          :
                                    :
ERIC H. HOLDER, et al.,             :
                                    :   **OPINION**
                 Respondents.       :
_____:

**CHESLER, District Judge:**

  This matter comes before the Court upon Petitioner's filing of a § 2241 petition ("Petition") and submission of the filing fee. See ECF No. 1. Since, at the time of Petitioner's commencement of this matter, Petitioner was subject to a final order of removal, the Petition challenged Petitioner's detention under the removal-period statute, 8 U.S.C. § 1231(a), and Zadvydas v. Davis, 533 U.S. 678 (2001). See ECF No. 1. However, on November 1, 2013, the Clerk received a letter from Petitioner informing the Court that, after this matter had been commenced, the Court of Appeals for the Second Circuit, granted Petitioner's motion for stay of removal. See ECF No. 15; see also Alvarez-Monroy v. Holder, USCA No. 12-2749, ECF dated Oct. 10, 2013 (2d Cir., filed July 12, 2012). Thus, Petitioner's order of removal is no longer final. See 8 U.S.C. § 1231(a).

  Since the factual predicate supporting Petitioner's § 1231 and Zadvydas challenges is no longer present, there is no longer a live "case or controversy" regarding the claim he raised here. See U.S. Constitution, Article III. Therefore, that claim should

1

be dismissed as moot. See Rodney v. Mukasey, 340 F. App'x 761 (3d Cir. 2009); De La Teja v. United States, 321 F.3d 1357, 1361-63 (11th Cir. 2003); Reyna v. Hendricks, Civil No. 12-2665, 2012 U.S. Dist. LEXIS 181461, 2012 WL 6697464 (D.N.J. Dec. 21, 2012).[1]

An appropriate Order follows.

_____/s/_____
**Stanley R. Chesler
United States District Judge**

Dated: November 26, 2013

---

[1] If Petitioner's removal order is finalized a second time, and he may again raise a § 1231 and Zadvydas challenge in a new § 2241 petition. To the extent Petitioner might eventually wish to challenge his current classification and/or his pre-removal-order detention, those challenges should be raised in a new § 2241 petition properly asserting his grounds for relief and seeking the appropriate remedy. See Diop v. ICE/ Homeland Sec., 656 F.3d 221, 230-31 (3d Cir. 2011); see also Harris v. Herrey, No. 13-4365, 2013 U.S. Dist. LEXIS 104841, at *5 n.3 (D.N.J. July 26, 2013) ("A district court's power to entertain habeas . . . claims raised by pre-removal-order alien detainees [is] limited to a directive of a bond hearing as opposed to an order of release") (citations, original brackets and ellipses omitted); accord 28 U.S.C. § 2254 Rule 2(e) (applicable to § 2241 matters through Habeas Rule 1(b)) (a habeas petitioner cannot challenge different determinations in a single habeas petition).